UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-cv-14

| | |
|---|---|
| LAURENCIO HERNANDEZ CRUZ and HECTOR GERADO MUNOZ DURON aka HECTOR G. MUNOZ, | ) ) ) ) |
| Plaintiffs, v. | ) ) ) **COMPLAINT** ) **(DEMAND FOR JURY TRIAL)** |
| MARMOLITE GRANITE & MARBLE, INC. and HECTOR OSWALDO SAENZ, | ) ) ) ) |
| Defendant. | ) |

Plaintiffs Laurencio Hernandez Cruz and Hector Gerado Munoz Duron aka Hector G. Munoz (collectively "Plaintiffs"), complain and allege as follows:

## PARTIES

1. Plaintiff Laurencio Hernandez Cruz ("Cruz") is a citizen and resident of Pender County, North Carolina.

2. Plaintiff Hector Gerado Munoz Duron aka Hector G. Munoz ("Munoz") is a citizen and resident of Pender County, North Carolina.

3. Defendant Marmolite Granite & Marble, Inc. ("Marmolite") is a North Carolina corporation with its principle office, headquarters and principle place of business in New Hanover County, North Carolina.

4. Upon information and belief, Defendant Hector Oswaldo Saenz ("Saenz") is a citizen and resident of New Hanover County, North Carolina. Saenz is the President and registered agent for Marmolite.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter arises under the Federal Fair Labor Standards Act ("FLSA").

6. Venue is proper with this District pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to this claim occurred in this District, and, if this District were a separate state, Defendants would be subject to its personal jurisdiction.

## FACTS

7. Marmolite is a business engaged in providing design and fabrication of kitchen and bathroom countertops, fireplace and bathroom surrounds, and custom tabletops and furniture pieces.

8. At all times relevant hereto, Marmolite was a covered enterprise subject to the FLSA. At all times relevant hereto, Marmolite was Plaintiff's employer, and they were its employees, within the meaning of the FLSA.

9. At all times relevant hereto, Saenz also was Plaintiffs' employer, and they were his employees, within the meaning of the FLSA. Saenz acted directly or indirectly in the interest of Marmolite in relation to Plaintiffs.

10. On or about November 23, 2015, Plaintiff Cruz began working for Marmolite and Saenz (collectively "Defendants") as a countertop installer, preparing and installing stone countertops for Marmolite's customers.

11. Plaintiff Cruz was compensated at an hourly rate as follows for his work as an employee of Defendants:

- $11.00/hr.   11/23/15 through March or April 2016.
- $12.00/hr.   March or April 2016 through May 31, 2016.

12. On or about December 15, 2015, Plaintiff Munoz began working for Defendants as a countertop installer, preparing and installing stone countertops for Marmolite's customers.

13. Pursuant to agreement with Defendants, Plaintiff Munoz was compensated from on or about December 15, 2015 through the first half of February 2016 at an hourly rate as follows for his work as an employee of Defendants as follows:

- $10.00/hr.      12/15/2015 through approximately 12/21/2015
- $12.00/hr.      12/21/2015 through approximately 12/28/2015
- $14.00/hr.      12/28/2015 through first half of February 2016

14. In or about the second week of February 2016, Plaintiff Munoz was promoted by Defendants to a crew leader position for which he received a weekly salary of $961.54. Plaintiff Munoz continued in his crew leader position at a weekly salary of $961.54 through May 7, 2016.

15. Plaintiff Cruz often worked in excess of 40 hours in a given week, yet he never received overtime pay.

16. Plaintiff Munoz often worked in excess of 40 hours in a given week, yet he never received overtime pay.

**FIRST CAUSE OF ACTION – FEDERAL FAIR LABOR STANDARDS ACT ("FLSA")**

17. The preceding paragraphs are incorporated herein as if fully set forth verbatim.

18. Plaintiffs did not meet the criteria for classification as exempt from the FLSA's overtime provisions.

19. Defendants have violated the FLSA by failing to pay Plaintiffs overtime and by failing to properly record their hours worked.

20. Defendants' violation of the FLSA was willful.

21. For their violation of the FLSA, Defendants owe Plaintiffs their unpaid wages, liquidated damages in an equal amount, attorney's fees, interest and costs.

WHEREFORE, Plaintiffs Cruz and Munoz pray:

1. For judgment in favor of each of them against Defendants on their claims for unpaid wages in violation of FLSA;

2. For an award of all actual damages to which they are entitled, as well as liquidated damages pursuant to the FLSA;

3. For an award of attorney's fees, interest and costs pursuant to the FLSA; and

4. For a trial by jury on all issues so triable.

This the 27th day of January, 2017.

                    CRANFILL SUMNER & HARTZOG LLP

By: /s/ Benton L. Toups
    BENTON L. TOUPS
    N.C. State Bar No. 28910
    ELIZABETH C. KING
    N.C. State Bar No. 30376
    319 N. 3rd Street, Suite 300
    Wilmington, NC 28401
    Telephone: (910) 777-6000
    Facsimile: (910) 777-6111
    Email: btoups@cshlaw.com
           eking@cshlaw.com
    *Attorneys for Plaintiffs*

    MULLIGAN EPSTEIN ATTORNEYS, PLLC

By: /s/ Patrick J. Mulligan, IV
    PATRICK J. MULLIGAN, IV
    N.C. State Bar No. 25844
    2802 Market Street
    Wilmington, NC 28403
    Telephone: (910) 763-1100
    Facsimile: (910) 763-0020
    Email: pmulligan@mulliganepstein.com
    *Attorney for Plaintiffs*